USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-8-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF DR. HELEEN MEES, <br><br> Applicant, <br><br> For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782 | No. 15 MISC 262 <br><br> STIPULATED AGREEMENT AND ORDER |

**THIS MATTER**, having been opened to the Court by Grant & Eisenhofer P.A. and Boies, Schiller & Flexner LLP, attorneys for Applicant Dr. Heleen Mees ("Mees"); and McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for Citigroup Inc. ("Citigroup"); and counsel for Mees, Citigroup and Katsky Korins LLP and Quirk and Bakalor, P.C., attorneys for Willem H. Buiter ("Buiter") (Mees, Citigroup and Buiter collectively referred to as the "Parties") having consented to the form and entry of this Stipulated Agreement and Order ("Order"),

**IT IS** on this 11th day of September, 2015;

**STIPULATED AND ORDERED** as follows:

1. Pursuant to the procedure in Paragraph 8 hereof establishing a Buiter's Attorneys' Eyes Only review period and the ability for Buiter to object to or request redactions of Citigroup's production prior to production of same to Mees, Citigroup will produce the 1652 documents in its possession that were previously Bates stamped. The Parties agree that such production will be in full satisfaction of Requests 1 through 8 of the

subpoena duces tecum (the "SDT") that is the subject of Mees' renewed 28 U.S.C. § 1782 application (the "Renewed Application").

2. With respect to Request 9 of the SDT, Citigroup will review and confirm if it currently possesses documents and/or photos responsive to this Request, in which case Citigroup will produce such documents/photos .

3. With respect to Request 10 of the SDT, Citigroup has confirmed that it did not install any such software.

4. In the event the Parties cannot agree on the production of all or any portion of the documents described in Paragraphs 1 and 2 hereof, those issues would be presented to the Court to establish a briefing schedule and return date.

5. Mees will withdraw the Renewed Application for a deposition of any Citigroup representative if Citigroup provides the information that Mees seeks in other form or has been unable to collect the information despite, to Mees' satisfaction, reasonable efforts to collect it. Citigroup reserves its right to oppose the Renewed Application for any deposition of a Citigroup representative in this matter. If a dispute over the taking of such a deposition arises, Citigroup will have 14 days to respond to the Renewed Application.

6. (a) The provisions of this Order shall apply to all material (as that term is defined below in Paragraph 6(b)) produced or provided by Citigroup as a result of the above-captioned Renewed Application (including but not limited to any material that is produced in response to the SDT that is the subject of the Renewed Application). Said provisions shall apply to (i) the Parties and their affiliates and employees, if any; and (ii) counsel for the Parties, and their employees, if any. As used herein, "Person" includes the Parties and others who have agreed to be or are otherwise hereby bound by this Order.

2

(b) The restrictions contained in this Order shall apply to both documents, as defined by the Federal Rules of Civil Procedure and the Local Civil Rules for the Southern and Eastern Districts of New York, and information. The term "material" shall be used herein to refer to documents and information.

7. (a) Citigroup or Buiter may designate as "CONFIDENTIAL" any non-public material when such material contains confidential personal or financial, or commercially sensitive business information of Citigroup or Buiter. Except as otherwise provided herein, "CONFIDENTIAL" material shall be used only for the purpose of this civil proceeding pending in the Southern District of New York under case number 15 MISC 262 or the proceeding in the Netherlands entitled *Mees v. Buiter, et ano.*, case number C/13/577569 (the "Dutch Action"), hereinafter collectively "the Proceedings", and not for any other proceeding or any business or other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except as follows:

Material designated as "CONFIDENTIAL" shall be made available only to:

(i) the parties to any of the Proceedings;

(ii) designated outside counsel for such parties and persons employed or otherwise retained by such outside counsel in para-professional, clerical, stenographic or ministerial positions;

(iii) independent, outside experts or consultants retained by such Parties or their outside counsel for purposes of the Proceedings, albeit subject to provisions of Paragraph 7(b) below;

(iv) court reporters or typists recording or transcribing testimony in the Proceedings and any outside independent reproduction firm for purposes of reproducing such material in the Proceedings;

3

      (v)  current employees of Citigroup working on this matter for Citigroup;

      (vi)  the Court and its personnel; and

      (vii)  any non-party witness during trial or at a hearing in the Proceedings, or if depositions occur, during such witness's deposition, albeit subject to the provisions of Paragraph 7(b) below.

    (b)  If a Party wishes to disclose "CONFIDENTIAL" material to an expert or consultant hired for the purpose of the Proceedings pursuant to Paragraph 7(a)(iii) or to a non-party witness pursuant to Paragraph 7(a)(vii), the Party seeking to disclose the "CONFIDENTIAL" material shall provide such person with a copy of this Order and obtain and retain a copy of the applicable Confidentiality Undertaking attached to this Order as Exhibit A or Exhibit B, signed by the person, prior to disclosure, receipt or review of any "CONFIDENTIAL" material. If a non-party witness refuses to sign a copy of the Confidentiality Undertaking, the deposition will nonetheless proceed, and use of "CONFIDENTIAL" material shall be permitted during the deposition, but the Parties, jointly or individually, shall seek appropriate relief from the court of competent jurisdiction promptly after the deposition. Notwithstanding the foregoing, if any Party wishes to show "CONFIDENTIAL" material to any non-party witness during the course of that witness's testimony, such Party shall ask the non-party witness to sign the applicable Confidentiality Undertaking, attached hereto as Exhibit A or Exhibit B, in advance of the commencement of the testimony. If the non-party witness refuses to sign the Confidentiality Undertaking, the Party who wishes to show "CONFIDENTIAL" material to that witness shall notify the other Parties in writing as soon as practicable, but in all events no fewer than seven (7)

4

business days before the testimony is scheduled to commence. Any other Party may thereupon seek appropriate relief from a court of competent jurisdiction.

(c) The Party filing any document designated "CONFIDENTIAL" subject to this Stipulated Agreement and Order shall file such document in accordance with applicable court procedures, local rules and Individual Practices (or if no such procedures, rules, or practices apply, any other procedure) that prevent public disclosures of the "CONFIDENTIAL" document, including (if available) sealing.

(d) Sealed records that have been filed in the Proceedings shall be removed by the Party submitting them (i) within ninety (90) days after a final decision is rendered if no appeal is taken, or (ii) if an appeal is taken, within thirty (30) days after final disposition of the appeal.

8. Citigroup shall produce the documents or information stipulated to in Paragraph 1 on September 11, 2015, and as soon as possible thereafter shall produce the documents or information stipulated to in Paragraph 2. For a period of seven (7) business days following any such production by Citi, such documents and information shall be treated as Attorneys' Eyes Only and counsel for Buiter may view the documents and seek additional redaction of privileged information, account information, credit card numbers, telephone numbers, and other non-public contact information. Buiter may also seek redaction of personal information unrelated to Mees, but such personal information unrelated to Mees will be provided to counsel for Mees on an Attorneys' Eyes Only basis. If counsel for Mees contends that any such redacted information is relevant to the claims and/or defenses in, or to the subject matter of, the Dutch Action, counsel for Mees will advise the Parties and, if the dispute cannot be resolved without Court intervention, counsel for Buiter will move for a protective order. Notwithstanding the foregoing, counsel

5

for Buiter may confer with their client for the purpose of determining whether documents should be withheld or contain information that should be redacted under this provision, and may show documents to him for that purpose. If Buiter asserts any privilege as to any document or any portion of a document, such document shall be withheld or redacted and Buiter shall provide an appropriate privilege log. Any other request for redaction must be made, in writing, to counsel for the Parties; any such writing will be treated as Attorneys' Eyes Only to the extent that it describes or reflects the content of material that Buiter seeks to redact. With respect to any request for redaction based on anything other than an assertion of privilege, the Parties may respond, in writing within seven (7) business days of receipt of such request from counsel for Buiter, and advise Buiter if they will agree to the requested redaction. In the event that the Parties cannot agree to a redaction, whether or not based on an assertion of privilege, Buiter will make an application for a protective order from the Court, and the material will then continue to be treated as Attorneys' Eyes Only until the Court issues a decision on any such application for a protective order. On September 18, 2015 Citigroup shall produce to Mees all the stipulated documents except those as to which Buiter has asserted a challenge that has not been resolved and may therefore be the subject of a motion as provided in Paragraph 4.

9. Any Party may request at any time permission to disclose "CONFIDENTIAL" material to a person other than those permitted under Paragraph 7 above by serving a written request upon counsel for the Party that designated it as "CONFIDENTIAL" (the "Designating Party"), which states the material it wishes to disclose, to whom, and a short explanation as to why disclosure would be appropriate. The Designating Party or its counsel shall thereafter respond to the request in writing within five (5) business days of the

receipt of said request and, if consent is being withheld, shall state the reasons why consent is being withheld. A failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the Discovering Party and the Designating Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made on such terms as the Court may provide. Notwithstanding the foregoing, a copy of this Order shall be given to each person to whom disclosure is made under the terms of this paragraph before being shown such material, and each such person shall be expressly advised that such material shall not be used or further disclosed contrary to the terms of this Order. In addition, each such person shall agree in writing to the applicable Confidentiality Undertaking attached hereto as Exhibit A or Exhibit B prior to disclosure, receipt or review of any "CONFIDENTIAL" material. The Party seeking disclosure shall obtain, retain and, upon request, provide opposing counsel with a copy of the signed Confidentiality Undertaking.

10. Designation pursuant to Paragraph 7, above, shall be accomplished by employing the legend "CONFIDENTIAL" as follows:

(a) In the case of documents or other materials, (i) if the Designating Party is Citigroup, the appropriate legend shall be placed on the documents or materials prior to its production to counsel for other Parties, and (ii) if the Designating Party is Buiter, the appropriate legend shall be placed on duplicate copies of the documents or materials, such duplicate copies shall then be provided to counsel for the other Parties, and counsel for Mees shall then destroy or return any copies that do not bear that legend.

(b) In the case of information incorporated in answers to interrogatories, responses to requests for admission, or any other form of written discovery responses

7

served in the Proceedings, the appropriate legend shall be placed on the answers or responses, and such answers or responses shall be separately produced.

(c) In the case of material revealed during a deposition, specific portions of the transcript may be designated as "CONFIDENTIAL" by any Party during the deposition itself or in writing, served on the Parties (and the witness, if the witness is a non-party) within ten (10) days after receipt of the transcript by the designating Party. Deposition transcripts shall automatically be treated as "CONFIDENTIAL" during the ten-day period after receipt of the transcripts by all Parties, or as otherwise agreed by the Parties and the witness.

11. Any Party may object to the propriety of the designation of specific materials as "CONFIDENTIAL" by serving a written objection on the Designating Party or its counsel. The Designating Party shall thereafter, within ten (10) business days of receipt of such objection, respond to such objection by either (i) agreeing to remove the designation or (ii) stating the reasons why the designation was made. If the Objecting Party and the Designating Party are subsequently unable to agree, the Objecting Party shall be free to move the Court for an Order removing the disputed designation. The Objecting Party shall have the burden of proving that the "CONFIDENTIAL" material was not properly designated as "CONFIDENTIAL." The material at issue shall continue to be treated as "CONFIDENTIAL" until the Court orders otherwise.

12. Nothing in this Order shall prevent any qualified counsel from utilizing "CONFIDENTIAL" material in the examination of any person who is (i) an employee or consultant of a Party, and any of their successors or assigns, which designated the "CONFIDENTIAL" material; (ii) reasonably believed to be the author or source of the "CONFIDENTIAL" material; (iii) reasonably believed to have been a recipient of the

8

"CONFIDENTIAL" material; or (iv) reasonably believed to have been an employee or consultant of the Producing Party or non-party, or any of their successors or assigns, at the time the document was generated, irrespective of which person or non-party produced such material. Except as set forth in clauses (i)-(iv) of the preceding sentence, a non-party witness may not be shown "CONFIDENTIAL" material except upon compliance with Paragraph 7 of this Order.

13. In accordance with Paragraph 7 of this Order, this Order shall apply to non-public information only. Nothing in this Order shall prevent disclosure of material already in the public domain or already in the possession of the receiving party in a form that does not bear a confidentiality legend.

14. If a Producing Party inadvertently discloses to a Discovering Party material that is protected by the attorney-client privilege or attorney work product immunity, the Producing Party shall promptly upon discovery of such disclosure so advise the Discovering Party in writing and request that the privileged item or items be returned and no Party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the Discovering Party will return such inadvertently produced privileged item or items and all copies thereof within ten (10) days of receiving a written request for the return of such item or items. If the Discovering Party seeks to challenge the assertion of privilege or immunity, then the Discovering Party may retain one (1) copy of the inadvertently produced privileged item for purposes of said challenge. The copy of the inadvertently produced privileged material will not be utilized for any other purpose during the pendency of the challenge. The Parties will either agree amicably to the disposition and use of the inadvertently produced privileged material, or failing an amicable resolution, the disposition and use will be decided by the Court.

15. Nothing in this Order shall (i) restrict the use of or disclosure of "CONFIDENTIAL" material at trial or hearing in the Proceedings; (ii) preclude any Party from seeking an order protecting "CONFIDENTIAL" material from unnecessary disclosure at any proceeding; or (iii) restrict the use or disclosure of "CONFIDENTIAL" material by any Party or non-party that produces the material and/or designates the material as "CONFIDENTIAL."

16. This Order, insofar as it restricts the communication and use of material, shall continue to be binding throughout and after the conclusion of the Proceedings. In addition, at the conclusion of the Proceedings, including all appeals:

(a) Each Party shall turn over to their outside counsel all "CONFIDENTIAL" material produced by another person, and counsel also shall take reasonable steps to reclaim any such material from anyone else known to have received copies from that counsel and/or its/his client.

(b) Within sixty (60) days after the conclusion of the Proceedings, including all appeals, each Party's outside counsel shall return to outside counsel for the Designating Party all materials designated as "CONFIDENTIAL" or shall destroy all such materials and certify in writing to outside counsel for the Designating Party that such destruction has taken place; and

(c) The provisions of Paragraph 10 (a) and (b) above are not applicable to (i) any material that became a part of the publicly available Court record in the Proceedings (by use as a trial or deposition exhibit, inclusion in material filed with the Court, inclusion in the record on any appeal, or otherwise) or (ii) any "CONFIDENTIAL" material that has been referenced, quoted, summarized, attached to as an exhibit or otherwise incorporated into

attorney work product prepared by counsel for the Parties ("Work Product Material"). The provisions of this Order shall continue in full force as to any Work Product Material.

17. If any Party receives a subpoena or other compulsory process demanding material that has been designated "CONFIDENTIAL" pursuant to this Order or is directed by any court or administrative tribunal to produce such "CONFIDENTIAL" material, that Party shall promptly (i) give notice of the subpoena or direction to the person so designating the information or document and (ii) describe the confidential documents or information such Party intends to disclose in response to such subpoena or direction. Any Party hereto shall have standing to seek a protective order or other appropriate relief. The Party receiving the subpoena or direction may produce "CONFIDENTIAL" material in response to the subpoena or direction if (i) prior written consent of the Designating Party has been obtained; (ii) a court has ordered that the information or documents be produced; or (iii) if the subpoena is issued in connection with a proceeding in which it is possible to move for a protective order, the Designating Party has been notified of the subpoena or direction pursuant to this paragraph, but has not, prior to the return date, moved for a protective order. "CONFIDENTIAL" material shall not be produced if a motion for a protective order is pending.

18. Any Party may, on notice, apply to the Court at any time for modification of this Order.

19. Buiter's agreement to the terms of this Order is without prejudice to all rights, including but not limited to (a) his right to oppose, on any ground, Mees's separate application for leave to issue certain subpoenas to him (which is currently pending in this Court under case number 14 MISC 88); (b) any rights he may have or may be granted in connection with that application; (c) his right to oppose, on any ground, any application by

11

Mees for discovery or other relief in the Dutch Action, to maintain his pending request that discovery in that action be stayed, to object on any ground to the use in that action of any material produced pursuant to this Stipulated Agreement and Order, and/or to seek or maintain a request for any other relief in that action; or (d) his rights under the stay of discovery ordered by the court in the separate action that is pending in the Supreme Court of the State of New York, County of Kings, entitled *Mees v. Buiter*, Index No. 9579/2014.

20.  Neither anything contained in this Order nor any action by any Party pursuant to the terms of this Order shall be construed as a waiver of any right of any Party to object to the use or admissibility of any material produced pursuant to this Order or in response to any subpoena issued in connection with the Proceedings.

21.  This Stipulated Agreement and Order is binding on the Parties hereto, their counsel (including but not limited to any attorneys representing Mees or Buiter in the Dutch Action), and all employees, agents and/or consultants of any Party. Each Party shall be responsible for any breach of this Stipulated Agreement and Order by any of that Party's attorneys, employees, agents or consultants.

The undersigned hereby acknowledge their consent to the form and entry of this Order.

Olav A. Haazen, Esq.
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, NY 10017
Attorneys for Applicant
Dr. Heleen Mees

Dated: September 11, 2015

J. Michael Riordan, Esq.
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
88 Pine Street
24th Floor
New York, New York 10005
Attorneys for Citigroup Inc.

Dated: September 11, 2015

*[signature]*
Brooke A. Alexander, Esq.
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10540
Attorneys for Applicant
Dr. Heleen Mees

Dated: September 11, 2015

*[signature]*
Timothy J. Keane, Esq.
QUIRK and Bakalor, P.C.
1325 Franklin Avenue Plaza
Suite 250
Garden City, NY 11530
Attorneys for Dr. Willem Buiter

Dated: September 11, 2015

*[signature]*
Adrienne B. Koch, Esq.
KATSKY KORINS LLP
605 Third Avenue
New York, New York 10158
Attorneys for Dr. Willem Buiter

Dated: September 11, 2015

**SO ORDERED:**

October 7, 2015

*[signature]* Loretta A. Preska
, U.S.D.J.

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF DR. HELEEN MEES,<br><br>Applicant,<br><br>For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782 | No. 15 MISC 262<br><br>**CONFIDENTIALITY UNDERTAKING** |

I, _____, hereby acknowledge that I have been provided a copy of the Stipulated Protective Order entered in the above-captioned matter, a copy of which is annexed hereto and incorporated herein by reference.

I further acknowledge that I have read the aforesaid Order and agree to be bound by the terms and conditions and limitations contained therein regarding the review and disclosure of confidential information in the Proceedings, and I hereby consent to the personal jurisdiction of the United States District Court, Southern District of New York for any proceedings involving the enforcement of the Order.

Dated:_____ _____

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF DR. HELEEN MEES,<br><br>Applicant,<br><br>For Leave to Issue Subpoenas for the Taking of a Deposition and the Production of Documents Pursuant to 28 U.S.C. § 1782 | No. 15 MISC 262<br><br>**CONFIDENTIALITY UNDERTAKING** |

I, _____, hereby acknowledge that I have been provided a copy of the Stipulated Protective Order entered in the above-captioned matter, a copy of which is annexed hereto and incorporated herein by reference.

I further acknowledge that I have read the aforesaid Order and agree to be bound by the terms and conditions and limitations contained therein regarding the review and disclosure of confidential information in the Proceedings, and I hereby consent to the personal jurisdiction of a court of competent jurisdiction in the location where I am deposed or retained, for any proceedings involving the enforcement of the Order.

Dated:_____                    _____